UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE 162**,

       **Plaintiff**,

  v.

**THE OHIO STATE UNIVERSITY**,

       **Defendant**.

**Case No. 2:23-cv-2991**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

---

**STEVE SNYDER-HILL**, *et al.*,

       **Plaintiffs**,

  v.

**THE OHIO STATE UNIVERSITY**,

       **Defendant**.

**Case No. 2:23-cv-2993**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

---

**WILLIAM KNIGHT**, *et al.*,

       **Plaintiffs**,

  v.

**THE OHIO STATE UNIVERSITY**,

       **Defendant**.

**Case No. 2:23-cv-2994**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

JOHN DOE,

       **Plaintiff,**

  v.                                                          Case No. 2:23-cv-2996
                                                              Judge Michael H. Watson
THE OHIO STATE UNIVERSITY,                                    Magistrate Judge Deavers

       **Defendant.**

---

EDWARD GONZALES, *et al.*,

       **Plaintiff,**

  v.                                                          Case No. 2:23-cv-3051
                                                              Judge Michael H. Watson
THE OHIO STATE UNIVERSITY,                                    Magistrate Judge Deavers

       **Defendant.**

## ORDER

This matter is before the Court on Plaintiffs' Motion to Clarify or Modify Case Management Order No. 1 ("CMO No. 1). (ECF No. 77.)[1] Defendant The Ohio State University ("OSU") has filed a response and Plaintiffs have filed a Reply. (ECF Nos. 80, 81.)  For the following reasons, the Motion is **DENIED.**

According to Plaintiffs, in connection with its Defendant Fact Sheet document production, OSU has marked as confidential either information that is not confidential or certain publicly available documents, including athletic team rosters, record retention policies, sexual harassment policies, and its code for students.  Plaintiffs have challenged OSU's confidentiality designations pursuant to the mechanism of the Protective Order only to be met with OSU's

---

[1] The Motion, although signed by counsel in all five of the above-captioned cases, was filed only in *Snyder-Hill v. The Ohio State University*, Case No. 23-2993.  Nevertheless, this Order applies to all five cases, although all docket citations refer to docket entries in the *Snyder-Hill* case.

resistance. Through this motion, Plaintiffs ask the Court to clarify that the confidentiality designation of materials produced pursuant to CMO No. 1 may be challenged through use of the dispute mechanism set forth in the Protective Order entered in each of these cases. Alternatively, Plaintiffs request that the Court modify CMO No. 1 to include a similar dispute mechanism.

Resolution here does not require extensive discussion. As OSU notes, Plaintiffs advocated for a bellwether trial approach. By its express terms, CMO No. 1 "governs the form, procedure, and schedule for the completion and service of the Fact Sheets and the execution of authorizations for the release of certain records." (ECF No. 37 at ¶ 1.) For purposes of this pre-discovery phase, CMO No. 1 further stated:

> Confidentiality: All information disclosed on a PFS, the PFS itself, all information disclosed on the DFS, the DFS itself, and all related documents (including health care records and information) produced therewith or pursuant to an executed authorization shall be deemed confidential and treated as "Confidential Information") pursuant to the terms of the Protective Order.

(*Id*. at ¶ 19.) As only OSU seems to recognize, the intention of this requirement was the efficient exchange and disclosure of information **at this Fact Sheet Completion/ Discovery Plaintiff selection phase** without the distraction of confidentiality challenges. Beyond doubt, the many months-delayed effort of Fact Sheet completion and records collection has validated the Court's efficiency concerns.

Plaintiffs' Motion wrongly presupposes that there will be no further direction from the Court as this case progresses from the Fact Sheet completion stage governed by CMO No. 1 to the next stage when Discovery Plaintiffs have been chosen and discovery deadlines are set. And, regardless, at that point, as OSU explains, when the discovery phase begins, the terms of the Protective Order will govern. This obviously includes the provision that "[i]nformation that is publicly available may not be designated as

Confidential." (ECF No. 25 at ⁋ 4.a.) Accordingly, OSU is correct to characterize Plaintiffs' current Motion, which, *inter alia*, cites concerns about the summary judgment record, as premature.

In short, the Protective Order's dispute mechanism is not available to challenge any confidentiality designations in the current Fact Sheet Completion/ Discovery Plaintiff selection phase of this case. Further, the Court declines to modify CMO No. 1 to include a similar dispute mechanism at this phase. Accordingly, Plaintiffs' Motion (ECF No. 77) is **DENIED.**

    **IT IS SO ORDERED.**

Date: March 10, 2025                  ___*/s/ Michael H. Watson*___
                                                          MICHAEL H. WATSON, JUDGE
                                                          UNITED STATES DISTRICT COURT

                                                          */s/ Elizabeth A. Preston Deavers*___
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE